# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIFFANY ANN GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-14-936-F |
| | ) |
| JOE JOHNSON, in his official | ) |
| as Sheriff of Harmon County, | ) |
| Oklahoma, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

In the Final Pretrial Report (doc. no. 157), defendant, Joe Johnson, in his official capacity as Sheriff of Harmon County, Oklahoma, asserted that he is entitled to settlement credit or an offset pursuant to 12 O.S. § 832(H) and that he is entitled to apportionment of damages from defendant, Jayson Vest. Plaintiff, Tiffany Ann Glover, objected to defendant's assertions on several grounds. Both parties addressed the issues in their trial briefs and responses to trial briefs.

## I.

Initially, the court agreed with plaintiff, and continues to be persuaded, that defendant waived the setoff affirmative defense by failing to raise it in his answer. Courts have concluded that setoff is an affirmative defense which must be pleaded or it is waived. *See*, Digital Ally, Inc. v. Z3 Technology, LLC, 2012 WL 2366713, at *1 (D. Kan. June 21, 2012); Roberts v. Korn, 420 F. Supp. 2d 1196, 1199 (D. Kan. 2006); *see also*, Banks ex rel Banks v. Yokemick, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001) ("[T]he issue of setoff is an affirmative defense.") Defendant argued that he included the defense in the final pretrial order. However, defendant did not seek leave

to amend his answer prior to the final pretrial order and plaintiff objected to the inclusion of the defense due to defendant's failure to raise it in his answer.

The record demonstrates that plaintiff settled her claims with co-defendants, City of Hollis, David Leathers, in his individual and official capacities, and Jayson Vest, in his official capacity, on May 12, 2015 and a stipulation of dismissal with prejudice as to the co-defendants was filed on June 15, 2015. Doc. nos. 62 and 67. The court held its scheduling conference in this case on July 7, 2015 and established August 1, 2015 as the deadline for filing motions to amend pleadings. Doc. no. 69. Although defendant knew about his co-defendants' settlement prior to the August 1, 2015, he did not seek leave to amend his answer to allege the setoff affirmative defense. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the [Fed. R. Civ. P.] 15(a) standard." Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). The "good cause" standard requires defendant to show the "scheduling deadlines cannot be met despite [defendant's] diligent efforts." *Id*. (quotation omitted). This may be satisfied if defendant "learns new information through discovery or if the underlying law has changed." *Id*. In the case at bar, defendant did not learn new information through discovery and the underlying law with respect to setoff did not change. As stated, defendant knew of the settlement and the co-defendants' dismissal prior to the court's scheduling conference. In addition, the court concluded, and remains convinced, that leave to amend under Rule 15(a) is not appropriate due to defendant's undue delay. "[D]enial of leave to amend is appropriate when the party . . . has no adequate explanation for the delay." Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted). As discussed, defendant had no adequate explanation for the delay of asserting the setoff affirmative defense in the final pretrial order.

Although not raised by either plaintiff or defendant, the court was aware that defendant, Harmon County, Oklahoma, raised as an affirmative defense in its answer to plaintiff's Second Amended Complaint that "Defendant County is entitled to set-off of any compensation received from a third party if Defendant County is found liable, which liability Defendant County denies." Doc. no. 45, ¶ 4. The Tenth Circuit has stated that a suit against a sheriff in his official capacity is the equivalent of a suit against the county which he represents. Cox v. Glanz, 800 F.3d 1231, 1253 (10th Cir. 2015). However, upon review, the court concluded, and remains convinced, that defendant, Joe Johnson, in his official capacity as Sheriff for Harmon County, Oklahoma, is not entitled to rely upon defendant, Harmon County, Oklahoma's assertion of the setoff affirmative defense. In the Second Amended Complaint, plaintiff specifically alleged that "Defendant Harmon County is sued solely for supplemental state law claims." Doc. no. 43, ¶ 11. Both defendant, Joe Johnson, in his official capacity as Sheriff of Harmon County, Oklahoma and defendant, Harmon County, Oklahoma, although treated as equivalents, filed separate answers to the Second Amended Complaint. It was apparent that defendant, Harmon County, Oklahoma, raised the setoff affirmative defense with respect to the state law claims alleged against it and not for any § 1983 claim alleged against defendant, Joe Johnson, in his official capacity as Sheriff of Harmon County, Oklahoma. Because the setoff affirmative defense was raised by defendant, Harmon County, Oklahoma, as to the alleged state law claims and defendant, Joe Johnson, in his official capacity as Sheriff of Harmon County, Oklahoma, did not raise it in his answer and did not meet the standards of Rule 16(b)(4) and Rule 15(a) for amending his answer, the court concluded, and remains persuaded, that defendant waived the setoff affirmative defense. This is no mere technicality. The setoff defense, though predominantly legal in nature, raises a potentially difficult set of issues that do not lend themselves

to resolution "on the fly" in the final pretrial stage of a case, when the court and the parties are occupied with the pressing need to address those matters that can only be addressed on the eve of trial or during the trial. Under the schedule established by the court in this case (and, for that matter, under any reasonable concept of fair and orderly pretrial procedure), there was ample opportunity, well before the final press of preparation for trial, for the Sheriff to raise the setoff issue, for the plaintiff to challenge it, and for the court to resolve it with the benefit of adequate time for research, careful consideration, and writing.

II.

Even if the setoff affirmative defense had not been waived, the court concluded, and remains convinced, that defendant is not entitled to setoff of the co-defendants' settlement. In the Final Pretrial Report, defendant restricted his right to entitlement to setoff under Oklahoma law, specifically, 12 O.S. § 832(H), and the court concluded that the defense of setoff should be addressed as pled. Consequently, the court did not, and has not considered, whether defendant would be entitled to setoff under federal common law.

Defendant may have restricted his entitlement to state law because there is no mention of setoff in 42 U.S.C. § 1983 and courts have found that "federal law is deficient on the effect of a plaintiff's settlement with a joint tortfeasor on a judgment against a nonsettling tortfeasor." Dobson v. Camden, 705 F.2d 759, 763 (5th Cir. 1983); Johnson v. Rogers, 621 F.2d 300, 304 n. 6 (8th Cir. 1980). Section 1988 of Title 42 of the United States Code instructs that if federal law is deficient on an issue, then state law should provide the rule of decision unless it is inconsistent with the Constitution and laws of the United States. 42 U.S.C. § 1988. The United States Supreme Court has determined that the principle objectives of § 1983, the federal law at issue, are "compensation of persons injured by deprivation of federal rights and

4

prevention of abuses of power by those acting under color of state law." <u>Robertson v. Wegmann</u>, 436 U.S. 584, 590-591 (1978).

Section 832(H) of Title 12 of the Oklahoma Statutes provides in pertinent part:

> When a release, covenant not to sue, or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury . . .
>
> (1) It does not discharge any other tort-feasor from liability for the injury . . . unless the other tort-feasor is specifically named; *but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater* . . . .

12 O.S. § 832(H) (emphasis added).

The court concluded, and remains convinced, that § 832(H), as written, is consistent with § 1983's policy of compensation but inconsistent with § 1983's policy of deterrence. "Deterrence is not at all concerned with compensating the injured party. Deterrence, rather, is concerned with making the tortfeasors pay." <u>Dobson</u>, 705 F.2d at 769. Section 832(H), as written, permits the nonsettling tortfeasor to avoid having to pay his proportionate share of damage caused if the settlement with the joint tortfeasor satisfies all of a verdict or satisfies more than the proportionate share of the nonsettling tortfeasor's liability for the verdict. "A rule that removes the burden of damages from the wrongdoer certainly conflicts with the policy of deterrence." *Id*. at 766. Consequently, the court determined, and remains convinced, that § 832(H) may not be used as a rule of decision under § 1988. See, <u>Banks</u>, 177 F. Supp. 2d 239, 259-262 (S.D.N.Y. 2001) (*pro tanto* setoff method or allocation rule not

5

consistent with § 1983 in that it does not effectuate the deterrence function of § 1983 and is thus impermissible as a rule of decision under § 1988).[1]

In addition, the court concluded, and remains convinced, that defendant did not demonstrate that the settlement of the co-defendants was for the "same injury" suffered by plaintiff. In the Second Amended Complaint, plaintiff alleged § 1983 and negligence claims against the co-defendants based upon conduct arising *prior to her arrest*. At that point, the Sheriff was not liable to plaintiff for anything. The court was, consequently, not convinced that the settlement included only the claims relating to the sexual assault and rape in the Harmon County Jail. It was reasonable to assume that the settlement funds paid by the co-defendants included compensation for injury to plaintiff for which defendant was not liable. And defendant did not show what part of the settlement was appropriately attributable to the injury for which defendant would be liable.

III.

In the Final Pretrial Report defendant also asserted his entitlement to seek apportionment of damages from Jayson Vest, despite his dismissal from the case. Unlike setoff, defendant does not indicate whether he claims entitlement under federal common law or state law. However, the court concluded, and remains persuaded, that defendant did not demonstrate that plaintiff's damages for the injury from the sexual assault and rape were capable of apportionment between defendant and co-defendant,

---

[1] The court notes that although not cited by the parties in their briefing, the Tenth Circuit in an unpublished decision in Big Elk v. Board of County Com'rs of Osage County, 3 Fed. Appx. 802, 808-809 (10th Cir. Jan. 31, 2001), concluded that setoff was allowable under federal common law as well as under § 832(H). However, in that case, plaintiff did not raise the issue of whether § 832(H) was inconsistent with one or both of the policies of § 1983. Indeed, plaintiff did not assert that there should be no setoff; the issue for plaintiff was the amount of the setoff. *Id*. at 809. In the case at bar, plaintiff argued that application of setoff would be contrary to the policies of § 1983, including deterrence.

6

Jayson Vest. In the Second Amended Complaint, plaintiff alleged defendants were jointly and severally liable for plaintiff's injury and in the court's view, the injury was indivisible. Therefore, the court concluded, and remains satisfied, that there was no need to apportion damages between defendant and co-defendant, Jayson Vest.

Further, to the extent defendant sought apportionment of damages for contribution purposes, the court agreed with the majority of cases that have addressed the issue and have found no right to contribution under federal common law in § 1983 actions. *See*, Hurley v. Horizon Project, Inc., 2009 WL 5511205, at *3 (D. Or. Dec. 3, 2009) (citing cases). The court also concluded, like the court in Hurley and other cases therein discussed, that allowing contribution under state law would be inconsistent with the deterrence policy of § 1983. *Id*. at *4-5. Thus, application of state law contribution would not be permissible under § 1988.

DATED October 6, 2016.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0936p026 r .wpd